UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DIANE GOODNESS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:03-cv-100-RLY-WGH |
| | ) | |
| COLE LAYER TRUMBLE COMPANY, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and DEFENDANT'S MOTION TO STRIKE PORTIONS OF AFFIDAVIT OF DIANE GOODNESS**

Defendant Cole Layer Trumble Company ("CLT") moves for summary judgment on Plaintiff Diane Goodness' ("Plaintiff") sole remaining claim – her claim that CLT and Raymond Lueken[1] ("Lueken") conspired to terminate her employment in retaliation for her exercise of First Amendment rights in violation of 42 U.S.C. § 1983 ("Section 1983"). CLT also moves to strike Plaintiff's affidavit. For the reasons explained below, CLT's motion for summary judgment and CLT's motion to strike are **GRANTED**.

**I.     Motion to Strike**

CLT moves to strike paragraph 4, as well as portions of paragraphs 5-10 and 12-15 of Plaintiff's affidavit on grounds that these paragraphs lack foundation, lack personal knowledge, are irrelevant, and/or contain inadmissible hearsay. The court has reviewed

---

[1] Lueken settled his claims against Plaintiff on January 7, 2005.

Plaintiff's affidavit, and finds that CLT's objections are well-taken.  Accordingly, CLT's Motion to Strike Portions of Affidavit of Diane Goodness is **GRANTED**.

**II.    Factual Background**

Plaintiff is a former employee of CLT.  In January of 2001, Plaintiff was assigned to work on the Dubois County, Indiana Reassessment Project.  (Second Amended Complaint ¶ 13).  At that time, Lueken held the position of Dubois County Assessor.

Lueken had no authority or power over CLT by virtue of his position as County Assessor.  (Affidavit of Raymond Lueken ("Lueken Aff.") ¶ 11).  CLT's contract was approved through the Dubois County Commissioners.  (Deposition of Raymond Lueken ("Lueken Dep.") at 8).  The 2002 reassessment contract under which CLT worked in Dubois County was administered by contract representatives Del Steinhart and Kirk Reller, two township assessors in Dubois County.  (*Id*. at 17).  Before payments could be made to CLT pursuant to contract, these contract representatives reviewed the project and the billings and approved payment, if appropriate.  (*Id*. at 17, 22).  Payments to CLT came from Dubois County. (Deposition of Mark Folkerts ("Folkerts Dep." at 16).

In 2002, Lueken was a candidate for reelection to the office of Dubois County Assessor.  (Lueken Dep. at 31-32).  Lueken ran unopposed in the May Democratic primary election that year.  (*Id*. at 32-33).  In February 2002, Plaintiff filed papers to declare her candidacy in the Republican primary for Dubois County Assessor.  (*Id*. at 32; Affidavit of Mark Folkerts ("Folkerts Aff.") ¶ 9).  Mark Folkerts ("Folkerts"), Plaintiff's supervisor at CLT, advised Plaintiff that this was a "delicate situation" and that she

should therefore "run a clean campaign." (Folkerts Dep. at 25).

Thereafter, Plaintiff authorized publication and distribution of campaign literature supporting her candidacy for County Assessor without CLT's knowledge or consent. (Folkerts Aff. ¶ 12). The pamphlet included the fact that she was employed by CLT and stated, in paragraph 6, "The people of Dubois County deserve a properly trained and hard-working Assessor." (Plaintiff's Ex. E).

Lueken considered this statement to be a personal attack on him – insinuating that he was not hard-working or qualified for the job of Assessor. (Lueken Dep. at 39-40). Lueken complained to Folkerts about this statement and Folkerts said he would look into it and present the issue to CLT's Human Resources ("HR") Department. (*Id*. at 47; Folkerts Dep. at 38-39). Lueken expressed his concern that he did not want to see Plaintiff fired. (Folkerts Aff. ¶¶ 16-22; Lueken Aff. ¶¶ 7-10). In fact, Lueken told Folkerts that he did not want CLT to fire Plaintiff because that could potentially cause political problems for him in his reelection campaign. (Lueken Aff. ¶ 7; Folkerts Aff. ¶ 17).

Folkerts ultimately referred the matter to CLT's HR Department because it fell within its area of expertise. (Folkerts Dep. at 40). The contact person in CLT's HR Department was Christel Brooks ("Brooks"), located in CLT's corporate offices in Ohio. (*Id*. at 40-41; Affidavit of Christel Brooks ("Brooks Aff.") ¶¶ 8, 10). CLT was concerned that the pamphlet conflicted with the Business Ethics Policy in two respects – by using CLT's name without prior knowledge or permission and the statement that "The people

3

of Dubois County deserve a properly trained and hard-working Assessor." (Folkerts Dep. at 41-42; Brooks Aff. ¶ 13). Brooks' primary concern, and the primary concern of senior corporate management with the pamphlet, was Plaintiff's use of the CLT name without prior knowledge or consent. Plaintiff was aware of, and subject to, the Business Ethics Policy. (Folkerts Aff. ¶ 14).

On July 24, 2002, Folkerts[2] gave Plaintiff a "performance warning" instructing her to cease distributing the campaign literature which was in violation of CLT's Business Ethics Policy. (*Id*. ¶ 24). On July 25, 2002, Folkerts again warned Plaintiff about handing out campaign literature. (*Id*. ¶ 25). On August 7, 2002, Plaintiff was given a second and final performance warning, giving her 48 hours to cease campaigning or face termination. (*Id*. ¶ 27). Plaintiff failed to comply with the second and final warning. (*Id*. ¶ 28). On August 9, 2002, CLT[3] terminated Plaintiff for violation of CLT's Business Ethics Policy. (*Id*. ¶ 29). At no time prior to the termination of Plaintiff's employment did Brooks communicate with Lueken. (Brooks Aff. ¶ 14).

---

[2] Folkerts' affidavit and CLT's moving brief indicate that Folkert gave Plaintiff the performance warnings issued on July 24, 2002, and August 7, 2002. (Folkert Aff. ¶¶ 24, 27). The performance warnings bear his signature. (Plaintiff's Exs. N, O; Defendant's Brief at 4). However, Brooks states in her affidavit that she was responsible for making the decision to issue the performance warnings and that she indeed wrote them. (Brooks Aff. ¶¶ 10-11). In an effort to harmonize these two affidavits, the court finds that Brooks wrote the performance warnings and instructed Folkerts to issue them to Plaintiff as her supervisor.

[3] Brooks made the decision to fire Plaintiff, (*see* Brooks Aff. ¶ 12), although the Separation Notice issued on August 8, 2002, was signed by Folkerts. (Plaintiff's Ex. Q).

### III.     Summary Judgment Standard

Disposition of a case on summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c). The record and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *National Soffit & Escutcheons, Inc. v. Superior Systems, Inc.*, 98 F.3d 262, 264 (7th Cir. 1996).

The moving party bears the burden of demonstrating the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden may be met by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. If the moving party meets its burden, the adverse party "may not rest upon the mere allegations or denials of the adverse party's pleading," but must present specific facts to show that there is a genuine issue of material fact. Fed.R.Civ.P. 56(e); *see also National Soffit*, 98 F.3d at 265 (citing *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 428 (7th Cir. 1991)).

## IV. Discussion

### A. Conspiracy

Plaintiff alleges CLT and Lueken conspired to terminate or otherwise improperly discipline Plaintiff in violation of her First Amendment rights and 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that (1) an action was taken under color of state law (2) which violated the plaintiff's constitutional rights. *See Burrell v. City of Mattoon*, 378 F.3d 642, 650 (7th Cir. 2004); *see also Paganis v. Blonstein*, 1992 WL 137008 *2 (N.D. Ill. 1992). CLT contends that Plaintiff's Section 1983 claim must fail because Plaintiff cannot show that a conspiracy existed between CLT and Lueken to deny her of her constitutional rights.

To demonstrate a conspiracy in this context, Plaintiff must show a willful joint action between a public official and a private party. *See Cunningham v. Southlake Center for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991). There must be an agreement, a meeting of the minds, in which the two parties mutually decide to act jointly to deprive the aggrieved party of her constitutional rights. *See Pagonis*, 1992 WL 137008, at *2. Here, both Lueken and Folkerts have testified that Lueken did not want CLT to fire Plaintiff. CLT disciplined and ultimately terminated Plaintiff for her actions in spite of, not because of, Lueken's interests. Moreover, Brooks did not consult with Lueken prior to terminating Plaintiff's employment. Thus, Lueken did not have a role in Plaintiff's termination.

Even if Plaintiff could show that Lueken had some involvement with CLT's

decision to terminate Plaintiff, such evidence would not suffice to support her sole remaining claim. It is not enough to allege that CLT and Lueken reached an agreement to terminate Plaintiff; they must have reached an agreement to deny Plaintiff her constitutional rights. *See Paganis*, 1992 WL 137008, at *2. Plaintiff alleges only that CLT and Lueken conspired to terminate and discipline her. (Second Amended Complaint ¶¶ 32-34). Plaintiff's allegations are insufficient to state a claim for conspiracy as a matter of law. Accordingly, the court **GRANTS** CLT's motion for summary judgment on Plaintiff's conspiracy claim under Section 1983.

### B. State Action by Lueken

Plaintiff alleges that Lueken acted under color of state law by participating in joint activity to deny her constitutional right to campaign.

A defendant acts under color of state law when he exercises power "'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority to act.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). In other words, an actor acts under color of state law if he "purposes to act in an official capacity or to exercise official responsibilities pursuant to state law." *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir. 1995) (citing *West*, 487 U.S. at 50). On the other hand, an actor does not act under color of state law if he acts in the "ambit of [his] personal pursuits." *Id*. (citation omitted).

In this case, even if Lueken had requested that CLT terminate Plaintiff, his action would have been based on his own personal pursuit to become reelected as Dubois

7

County Assessor. Further, Lueken testified that he had no authority over CLT by virtue of "state power." Accordingly, Lueken cannot be held liable under Section 1983 for playing a role in Plaintiff's termination.

### C. CLT as a State Actor

In her Response, Plaintiff also contends that CLT – a private party – is a state actor in its own right. Plaintiff's Second Amended Complaint did not allege that CLT acted under color of state law, nor did it allege facts to support an allegation of state action by CLT. (*See* Second Amended Complaint ¶¶ 33, 34, 38). But even if Plaintiff had properly alleged state action by CLT, summary judgment would still be appropriate for the reasons articulated below.

Generally, a private party is not subject to liability for constitutional violations, unless his alleged violation stems from the "exercise of a right or privilege having its source in state authority" and the private party can be described as a state actor. *Morfin v. City of East Chicago*, 349 F.3d 989, 1003 (7th Cir. 2003). The Seventh Circuit has held that a private party, like CLT, may be held responsible as a state actor in two circumstances: (1) "where the state effectively directs or controls the actions of a private party" to the extent that the state is responsible for his decisions, or (2) "where the state delegates a public function to a private party." *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 628 (7th Cir. 1999). For example, in *Payton*, the Court found that privately employed police officers charged with excessive force in effecting plaintiff's arrest were state actors. *Id.*

8

In this case, CLT's personnel decisions do not rise to the level of state action. Plaintiff's claim against CLT stems from its personnel actions taken to enforce company ethics policies. CLT's personnel decisions are not a right or privilege that rests in state authority. Lueken, the Dubois County Assessor, did not direct CLT's action in terminating her; indeed, he specifically urged CLT not to terminate her. The fact that CLT's contract work in Dubois County was paid for by government funds is of no consequence. *See Wade v. Byles*, 83 F.3d 902 (7th Cir. 1996) (affirming that a private security guard's shooting of the plaintiff was not state action, even though the Chicago Housing Authority contracted the guard's employer to secure public housing lobbies). Accordingly, CLT cannot be held liable under Section 1983 in its own right for its role in Plaintiff's termination.

**V.     Conclusion**

For the reasons stated above, CLT's Motion for Summary Judgment is **GRANTED**, and CLT's Motion to Strike Portions of Affidavit of Diane Goodness is **GRANTED**.

**SO ORDERED** this  16th   day of June 2005.

                                                                        _____
                                                                        RICHARD L. YOUNG, JUDGE
                                                                        United States District Court
                                                                        Southern District of Indiana

Electronic Copies to:

Ann McGovern DeLaney
DELANEY & DELANEY LLC
ann@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com